UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CIV-22234-DAMIAN/Valle

**SACHA CONCEPCION MALUA,**

    Plaintiff,

v.

**MARTIN O'MALLEY**, Acting Commissioner
of Social Security Administration,

    Defendant.
_____/

## ORDER AFFIRMING REPORT AND RECOMMENDATION [ECF NO. 14]

THIS CAUSE is before the Court on the Report and Recommendation by United States Magistrate Judge Alicia Valle, filed August 1, 2024 [ECF No. 14], in which the Magistrate Judge recommends denying Plaintiff, Sacha Concepcion Malua's, Motion for Summary Judgment [ECF No. 10] and granting Defendant, the Acting Commissioner of Social Security's (the "Commissioner"), Motion for Summary Judgment [ECF No. 11].

THE COURT has considered the Report and Recommendation ("Report"), Plaintiff's Objections [ECF No. 16], Defendant's Response thereto [ECF No. 17], the record in this case, and relevant authorities and is otherwise fully advise.

On June 16, 2024, Plaintiff, Sacha Concepcion Malua ("Plaintiff" or "Malua"), filed a Complaint seeking review of Defendant's decision denying her disability insurance benefits under Title II of the Social Security Act. (*See* Compl. [ECF No. 1]). The matter was referred to Magistrate Judge Valle for a report and recommendation on dispositive matters. (*See* [ECF No. 13]). Thereafter, Plaintiff filed a Motion for Summary Judgment

("Plaintiff's Motion") [ECF No. 10], and Defendant, the Acting Commissioner of the Social Security Administration, filed a Motion for Summary Judgment ("Defendant's Motion") [ECF No. 11]. On August 1, 2024, Magistrate Judge Valle entered her Report and Recommendation ("Report") [ECF No. 14] recommending the Court grant Defendant's Motion, affirm the decision of the Administrative Law Judge, and deny Plaintiff's Motion.

On August 12, 2024, Plaintiff timely filed Objections to the Magistrate Judge's Report ("Objections") [ECF No. 16], to which Defendant responded (*see* Response in Opposition [ECF No. 17]). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). This Court has carefully and *de novo* reviewed the parties' written submissions, the record, and applicable law.

In a thorough and comprehensive analysis, Magistrate Judge Valle considered two issues raised by Malua in her effort to reverse the decision of the Administrative Law Judge ("ALJ"): (1) whether the ALJ's hypotheticals to the Vocational Expert ("VE") were incomplete because they did not include moderate limitations in concentration, persistence, and pace to account for Plaintiff's mental impairments. [ECF No. 10 at 7-12]; and (2) whether the ALJ erred in assessing the opinion of Dr. Robert Antoine, Plaintiff's treating psychiatrist. *Id*. at 14-17. The Magistrate Judge determined the ALJ had not committed error in either respect and, instead, that substantial evidence supports the ALJ's Decision and that the ALJ applied the proper legal standards.

In her Objections, Malua insists the Magistrate Judge erred in finding that the ALJ properly accounted for Plaintiff's moderate limitation in concentration, persistence, and pace ("CPP"), with hypotheticals that included restrictions to simple, routine, repetitive

tasks with jobs at a level 1 and 2 reasoning level. [ECF No. 16 at 1-2]. Plaintiff argues that the ALJ never asked the vocational expert whether a person limited to simple repetitive work without any other restrictions could perform other jobs, and, therefore, "the RFC was not reflective of the hypotheticals posed to the vocational expert, thereby undermining the credibility of the ALJ's Step 5 finding that work existed in the national economy that Plaintiff could perform." *Id*. Plaintiff also argues the Magistrate Judge erred in finding the medical opinions of Dr. Antoine regarding Plaintiff's mental impairments inconsistent with unremarkable objective findings from mental status examinations. According to Plaintiff, the ALJ's account selectively excluded objective findings consistent with the opinion and ignored subjective evidence crucial to the diagnosis and treatment of mental impairments, making the Magistrate Judge's agreement with the ALJ's findings error.

  As to her first objection, the Magistrate Judge thoroughly analyzed the record and determined that the ALJ's hypotheticals to the VE included a limitation to simple, routine, repetitive tasks with jobs at a 1 and 2 reasoning level, which sufficiently account for Plaintiff's mental impairments and are consistent with the ALJ's limitation of Plaintiff to simple, routine, repetitive tasks, such that they sufficiently account for Plaintiff's limitations in concentration, persistence, and pace. (Report at 9, 11). The undersigned finds Plaintiff's objections to the Report unpersuasive and, instead, finds that the record supports the ALJ's determination that the hypotheticals posed to the VE sufficiently accounted for Plaintiff's limitations. And, in any event, as the Magistrate Judge correctly observed, because the ALJ characterized other impairments as severe, any error in deeming Plaintiff's mental conditions non-severe was harmless. *See Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018). As the Magistrate Judge also notes, the ALJ need not include

3

unsupported findings or impairments without functional limitations in either the RFC or hypotheticals posed to the vocational expert. In summary, the Court cannot conclude that, as to Plaintiff's purported mental impairments, the ALJ failed to apply the correct law or that his finding was not based on substantial evidence. Accordingly, the first objection is overruled.

With regard to Plaintiff's second objection, the undersigned also finds Plaintiff's objections unpersuasive. In performing the assessment of a claimant's RFC and ability to perform past relevant work, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *see* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012). Absent good cause, the ALJ gives a treating physician's medical opinion "substantial or considerable weight." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).

The ALJ must specify the weight given to each medical opinion and the explain the reasons for assigning such weight to each opinion. *Id.* Here, the ALJ assigned "little weight" to the opinions of Dr. Antoine because they were inconsistent with objective findings from mental status examinations in the record. Plaintiff argues the Report erred in affirming the ALJ's finding that Dr. Antoine's opinions were inconsistent with the record evidence and ignored evidence in the record that was consistent with Dr. Antoine's opinions. The undersigned finds that this argument fails because the ALJ's determination is supported by

4

substantial evidence in the record, which the ALJ specifically identified. Even if the ALJ's findings were not so clearly supported, Plaintiff's argument still fails because her objection would require the Court to reweigh the evidence to determine whether the ALJ's finding is supported by substantial evidence. *see Dyer v. Barnhard*, 395 F.3d 1206, 1210 (11th Cir. 2005) (explaining that when reviewing the Commissioner's decision the Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." (citations omitted)). And there is substantial evidence, including numerous medical records, supporting the ALJ's decision. So Plaintiff's argument is unavailing. Even if the Court disagreed with the Commissioner's determination, it would not reconsider the weight the Commissioner assigned to the medical opinions because the ALJ's decision is supported by the record. *see D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (rejecting the argument that the ALJ failed to assign the appropriate weight to the treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it"). Plaintiff's second objection is therefore overruled.

For the foregoing reasons, the undersigned fully agrees with the analysis and recommendations stated in Judge Valle's Report. Accordingly, it is

**ORDERED AND ADJUDGED** that

1. The Report and Recommendation **[ECF No. 14]** is **AFFIRMED** and **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment **[ECF No. 10]** is **DENIED**, and Defendant's Motion for Summary Judgment **[ECF No. 11]** is **GRANTED**. A final summary judgment shall be entered separately.

    3.    The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 3rd day of September, 2014.

                                                 **MELISSA DAMIAN**
                                                 **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record